JASON R. BENDEL (State Bar No. 212774)
BENDEL LAW GROUP
11620 Wilshire Blvd., Suite 900
Los Angeles, CA 90025
Telephone: 310.362.6110
Facsimile: 310.317.7855
Email: jbendel@bendellaw.com

Attorneys for Plaintiffs
Pet Sit Pros Long Beach LLC, Jason Goldfischer, and Fernando Goldfischer

SHERMAN C. LEE (State Bar No. 145765)
CNA COVERAGE LITIGATION GROUP
555 – 12th Street
Suite 600
Oakland, CA 94607
Telephone: 510.645.2300
Facsimile: 510.645.2323
E-Mail: sherman.lee@cna.com

Attorneys for Defendant
Continental Casualty Company

**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PET SIT PROS LONG BEACH LLC; a limited liability company; JASON GOLDFISCHER, an individual; FERNANDO GOLDFISCHER, an individual;<br><br>Plaintiffs,<br>vs.<br><br>CONTINENTAL CASUALTY COMPANY; and DOES 1-30, inclusive,<br><br>Defendants. | Case No. 2:17-cv-07460-FMO-AGR<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>Judge: Hon. Fernando M. Olguin<br><br>**NOTE CHANGES MADE BY THE COURT** |

1. **PURPOSES AND LIMITATIONS**

    1.1  <u>Purpose</u>:   Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, plaintiffs Pet Sit Pros Long Beach LLC, Jason Goldfischer and Fernando Goldfischer; and defendant Continental Casualty Company hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order").

    1.2  <u>Good Cause Statement</u>:   The parties to this action respectfully request the Court to enter this Protective Order to prevent public disclosure of their confidential proprietary business information.  This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure.

    To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the

intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

    2.1    <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Protective Order.

    2.2    <u>"Confidential" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things the party designating or producing it reasonably believes contains or reflects information subject to protection, including without limitation: (1) information in the nature of a trade secret or other research, investigation, development, commercial or operational information of a confidential or proprietary nature; (2) financial, marketing, planning, strategic, investigative, or other internal information, data, analyses, or specifications of a proprietary, confidential or competitive nature; (3) information deemed confidential or non-public by any regulatory body; (4) information otherwise protected by law from disclosure; and/or (5) any other information with respect to which there is a compelling need for confidentiality. Documents designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall be limited to documents that have not been made public, which the disclosing party in good faith believes will, if disclosed, have the effect of causing harm to its business or competitive position; or in the case of individuals, shall be limited to documents that reveal personal information, such as contact information, social security numbers, or Protected Health Information (as defined in 45 CFR § 160.103).

    2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

2.5 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>House Counsel</u>: Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

 2.14   Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Final disposition shall be deemed (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) if there is a trial, after completion of post-trial briefing, final determination of all appeals, and entry of final judgment.

5. DESIGNATING PROTECTED MATERIAL

 5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that

qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not unjustifiably included within the ambit of this Protective Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, including discovery responses, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIALSUBJECT TO PROTECTIVE

1 ORDER" legend to each page that contains Protected Material. If only a portion or
2 portions of the material on a page qualifies for protection, the Producing Party also
3 must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in
4 the margins).

5       (b)    For testimony given in deposition ~~or in other pretrial or trial~~
6 ~~proceedings,~~ that the Designating Party either: (i) identify the protected testimony on
7 the record, before the close of the deposition, ~~hearing, or other proceeding;~~ or (ii) send
8 a letter to all counsel within the time permitted for the review and signing of the
9 deposition by the witness (in the event of a deposition) ~~or within 45 days of receipt of~~
10 ~~the transcript of the hearing (in the event of a hearing)~~ identifying the protected
11 testimony.

12       (c)    For information produced in some form other than documentary
13 and for any other tangible items, that the Producing Party affix in a prominent place
14 on the exterior of the container or containers in which the information or item is stored
15 the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." If only a
16 portion or portions of the information or item warrant protection, the Producing Party,
17 to the extent practicable, shall identify the protected portion(s).

18     5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
19 failure to designate qualified information or items does not, standing alone, waive the
20 Designating Party's right to secure protection under this Protective Order for such
21 material. Upon timely correction of a designation, the Receiving Party must make
22 reasonable efforts to assure that the material is treated in accordance with the
23 provisions of this Protective Order.

24 6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

25     6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a
26 designation of confidentiality but must do so within the discovery period set by the
27 Court. Unless a prompt challenge to a Designating Party's confidentiality designation
28

is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient). In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Parties shall file and serve a Joint Stipulation following the procedure set forth in Local Rule 37. The Stipulation must be accompanied by a competent declaration affirming that the Parties complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of proof in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose

1  (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may
2  expose the Challenging Party to sanctions.
3        If the Parties need to file the Joint Stipulation under Local Rule 37 under seal,
4  the Parties may file a stipulation to that effect or the moving party may file an ex parte
5  application making the appropriate request. The Parties must ~~set forth good cause~~ [make a sufficient showing] in
6  the stipulation or ex parte application as to why the Joint Stipulation or portions
7  thereof should be filed under seal.

[Add]

8  7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>
9        7.1    <u>Basic Principles</u>. A Receiving Party may only use Protected Material
10 that is disclosed or produced by another Party or by a Non-Party in connection with
11 this case for prosecuting, defending, or attempting to settle this litigation. Protected
12 Material may not be used for any other purpose whatsoever. Protected Material may
13 be disclosed only to the categories of persons and under the conditions described in
14 this Protective Order. When the litigation has been terminated, a Receiving Party
15 must comply with the provisions of section 13 below (FINAL DISPOSITION).
16 Protected Material must be stored and maintained by a Receiving Party at a location
17 and in a secure manner that ensures that access is limited to the persons authorized
18 under this Protective Order.
19       7.2    <u>Disclosure of "CONFIDENTIAL-SUBJECT TO PROTECTIVE</u>
20 <u>ORDER" Information or Items</u>. Unless otherwise ordered by the Court or permitted in
21 writing by the Designating Party, a Receiving Party may disclose any information or
22 item designated "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" only to:
23       (a)    The Receiving Party's Counsel in this action, as well as employees
24 of said Counsel to whom it is reasonably necessary to disclose the information for this
25 litigation;
26       (b)    The officers, directors, and employees (including House Counsel)
27 of the Receiving Party to whom disclosure is reasonably necessary for this litigation;
28

1         (c)    Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d)    The Court and its personnel;

        (e)    Court reporters and their staff, professional jury or trial consultants, mock jurors, professional vendors, and persons or entities that provide litigation support services to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (f)    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

        (g)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    7.3    <u>Court Hearings</u>. If any Party or Non-Party bound by this Protective Order intends to disclose, discuss or otherwise refer to any Protected Material in open court at any ~~discovery~~ hearing ~~or trial~~, that person must notify ~~the Court~~ the party that designated the Protected Material, and all other parties in the action of its intention to do so. [AGR]

    7.4    <u>Filings with the Court</u>. If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers (or the confidential portion thereof) under seal, and the application must demonstrate ~~good cause~~ a sufficient showing for the under seal filing. [AGR]

- 9 -
[~~PROPOSED~~] PROTECTIVE ORDER

8. PROTECTED MATERIAL SUBPOENAED OR
ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL
SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective

1 Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        (1)    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        (2)    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party.

    (c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to

whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12. **MISCELLANEOUS**

12.1 **Right to Further Relief.** Nothing in this Protective Order limits or affects the right of any Party to seek its modification by the Court in the future.

12.2 **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13. **FINAL DISPOSITION**

Within 30 days after the final disposition of this action, as defined in paragraph 4 or the entry of a final judgment, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subsection, "all Protected Material" includes all copies, abstracts, compilations, summaries, and

1. any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

14. **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO ORDERED.**

Dated: February 14, 2018

*Alicia G. Rosenberg*
THE HONORABLE ~~FERNANDO M. OLGUIN~~

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ [address], declare under penalty of perjury under the laws of the State of California that I have read in its entirety and understand this Protective Order issued by the United States District Court for the Central District of California in the case of <u>Pet-Sit Pros Long Beach, LLC v. Continental Casualty Co.</u>, case no. 2:17-cv-07460-FMO-AGR.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____